IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:00CR241-1 |
| | ) | |
| TOMMY JAMES STOUT | ) | |

MEMORANDUM OPINION

This matter is before the Court on a Motion by Defendant Tommy James Stout pursuant to 18 U.S.C. § 3582(c) asking the Court to reduce his sentence based on an Amendment to the United States Sentencing Guidelines which lowered the applicable sentencing range in his case. Specifically, Defendant contends that he is entitled to a reduction pursuant to Amendments 706 and 711, which lowered the base offense levels in Guideline § 2D1.1 with respect to cocaine base ("crack") offenses.

Under 18 U.S.C. § 3582(c), the Court may reduce a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2). If this provision applies, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, defendants seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) must establish first that they are eligible for a reduction because they were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Second, if a defendant is

potentially eligible for a sentence reduction, 18 U.S.C. § 3582(c)(2) further directs that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" and must involve consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

In the present case, the Defendant and the Government agree that Defendant's base offense level was calculated pursuant to Guideline § 2D1.1 for cocaine base ("crack"), and that Amendments 706 and 711 lowered the applicable sentencing range in Defendant's case. Thus, Defendant has established as an initial matter that he is potentially eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). However, as noted above, any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). The Sentencing Commission, in Guideline § 1B1.10, has included Amendments 706 and 711 as amendments that may be retroactively applied pursuant to 18 U.S.C. § 3582(c)(2). However, the Sentencing Commission has also noted that in determining whether a sentence reduction is warranted pursuant to 18 U.S.C. § 3582(c)(2), the Court may consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" (i.e., the "public safety considerations") as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" (i.e., the "post-sentencing conduct"). See U.S.S.G. § 1B1.10, comment. n.1(B).

In the present case, the Government objects to any reduction in Defendant's sentence, based on the public safety considerations and the post-sentencing conduct of the Defendant.

2

Case 1:00-cr-00241-NCT   Document 28   Filed 07/16/09   Page 2 of 5

Specifically, the Government contends that prior to his incarceration for the present offense, Defendant was convicted of the following offenses: (1) on May 21, 1992 for affray; (2) on May 28, 1992 for assault inflicting serious injury; (3) on July 3, 1992, for carrying a concealed weapon; (4) on January 13, 1994, for injury to personal property and injury to real property; and (5) on October 22, 1999, for assault on a female. The Government further contends that while he has been incarcerated, Defendant received an infraction on January 25, 2002 for "use of drugs/drug items." The Government contends that given these events and Defendant's history of substance abuse, Defendant will pose a danger to public safety in the future.

In response, Defendant's counsel contends that the first two offenses cited by the Government, that is, the convictions for affray and for assault in May 1992, were charged as misdemeanors committed by Defendant when he was 16 years old, and for which he received suspended sentences. Defendant further notes that the July 3, 1992 offense for carrying a concealed weapon does not indicate any use of the weapon, and also occurred when Defendant was 16 years old. With respect to the conviction for injury to property in January 1994, Defendant notes that this offense occurred when he was 17 years old and involved damage to a vehicle and to a storm glass at his mother's property, and was consolidated with other citations for operating a vehicle without a license. Thus, of the five prior incidents cited by the Government, four of them occurred over 15 years ago, before Defendant reached the age of 18. The final incident was a domestic violence incident in 1999, to which Defendant pled not guilty. Defendant was convicted at the District Court level, and Defendant then appealed to Superior Court, but the ultimate disposition is not set out in the Presentence Report. Although all of

3

these incidents are serious and are properly considered by the Court, both in setting the original sentence in this case and in determining whether and the extent to which any potential sentence reduction should be granted, the Court finds that these offenses are not so recent, numerous, or severe to preclude a reduction pursuant to the Amended Guidelines. In particular, the Court notes that these events occurred when Defendant was very young and do not involve a pattern of ongoing, similar behavior over the years. In this regard, and of particular importance, the Court notes that during his incarceration for the past 9 years, Defendant has not received any infractions for any type of assault or violent or aggressive conduct. The only infraction noted by the Government since Defendant has been incarcerated was for possession of drugs or drug items in 2002, but there is no information regarding the type of drugs or items involved, and Defendant has not received any infractions since that time. Indeed, since his 2002 infraction, Defendant has completed a drug education course, in addition to multiple other classes while he has been incarcerated, and Defendant has most recently obtained a work assignment as a Correctional Services Orderly during his incarceration.

Having considered all of these matters, the Court concludes that Defendant's prior offenses and his post-sentencing conduct are not any less favorable than many other defendants who have received the benefit of the Amended Guidelines with the Government's consent. As such, these matters do not raise such public safety concerns so as to preclude this Court's consideration of Defendant's request for application of the Amended Guidelines. Therefore, in these circumstances and having reviewed all of the available information, the Court in its discretion has concluded that Defendant's Motion for a Sentence Reduction pursuant to 18

U.S.C. § 3582(c)(2) under the Amended Guidelines will be granted. In determining the extent of the reduction, the Court has taken all of this available information into account, and has calculated an appropriate sentence as set out in the Order filed contemporaneously herewith.

This, the 15 day of July, 2009.

                                                                        United States District Judge